## CENTRAL OF GEORGIA RAILWAY CO. *v.* McKINNEY.

1.. Where the judge states fully and accurately the law applicable to the issues involved, the mere failure to call the attention of the jury in specific terms to the contentions of the parties as shown by the pleadings, and to explain these contentions to them, will not, unless it is plain that the omission resulted in injury to the losing party, require the granting of a new trial.
2. The judge can not tell the jury that particular acts constitute negligence or would preclude a recovery, unless the acts are made by law to constitute negligence per se.
3. The evidence authorized the verdict, and there was no error requiring the granting of a new trial.

Argued July 11, — Decided August 13, 1903.

Action for damages.	Before Judge Candler.	Clayton superior court.	October 4, 1902.

*Hall & Cleveland, R. L. Berner,* and *W. L. Watterson,* for plaintiff in error.	*Arnold & Arnold,* contra.

Cobb, J.   The plaintiff recovered a verdict against the railway company, for injuries alleged to have been received as a result of the negligence of the defendant in suddenly and improperly starting the train while the plaintiff was in the act of alighting therefrom at a station to which he as a passenger had paid the defendant to carry him.   The defendant's motion for a new trial was overruled, and it excepted.   This is the second appearance of this case in this court.   See *Central Ry. Co.* v. *McKenney*, 116 *Ga.* 13.

1. Complaint is made that the court erred in charging the jury as follows:   " The specific acts of negligence alleged by plaintiff are set out in his declaration and in an amendment filed to it.   You will have that declaration out with you in your jury-room, with the amendment, and by a careful reading of it you will see the various acts of negligence which are alleged by the plaintiff in this case."   The assignment of error upon this charge is that it was the duty of the court to state the contentions of the parties and explain them to the jury, and that it was error to instruct them simply that they might ascertain these contentions from an inspection of the pleadings.   In *City Railway* v. *Findley*, 76 *Ga.* 311 (3), it was held:   " It is the right and duty of the presiding judge to state to the jury the several contentions between the parties, the only restriction being that he shall state them fairly to each side."   In that case complaint was made because the court stated to the jury the contentions of the parties, and the ruling made was, in effect, simply that it was proper for the judge to do this, being careful to state the contentions of both parties fairly.   It certainly can not be held that in every case the mere failure of the judge to state the contentions of the parties in his own language is such an error as requires the granting of a new trial.   If a case should arise where the omission plainly operated to the prejudice of the losing party, a new trial might be required, but the present record presents no such case.   The case of *Sackett* v. *Stone*, 115 *Ga.* 466, was a case of this character.   The really important thing is for the judge to give the jury clearly and fairly the law applicable to the issues involved ; and if he does this, his failure to formally state the contentions as shown by the pleadings will not, as a general rule, be cause for a new trial.   See, in this connection, *Atlanta Consolidated Railway Co.* v. *Bagwell*, 107 *Ga.* 157 (1) ; *Maddox* v. *Morris*, 110 *Ga.* 309 (1).   The charge of the trial judge in this

case fully, fairly, and lucidly stated the law applicable to the issues involved. It is not to be presumed that the jury were unable to understand the issues involved in the case as set forth in the pleadings, and it can not be said that the judge's omission to state more definitely the contentions of the parties resulted in any injury to the defendant.

2. Complaint is also made that the judge failed to give a charge requested by the defendant, to the effect that "if the plaintiff voluntarily jumped from a rapidly moving train, he can not recover." It may be doubted whether the request as worded embodied a sound proposition of law. It is not always negligence which will bar a recovery for a person to board or alight from a moving train. The question in each case is for the jury, and it is for them to say whether under all the circumstances, taking in view the speed of the train and all the surrounding facts, the person was guilty of such a reckless act as would prevent him from recovering if the defendant was also negligent. See *Suber* v. *Railway Co.*, 96 *Ga.* 42; *Coursey* v. *Railway Co.*, 113 *Ga.* 297; *Travelers Association* v. *Small*, 115 *Ga.* 455. The term "rapidly" is a relative term, and does not convey the meaning which the rule governing in such cases would require. But be this as it may, we are clear that the judge ought not to have given the request. It is well settled that in this State a judge can not tell the jury that particular acts constitute negligence, or an omission to do a particular thing amounts to negligence, unless the acts or the omission are made by law to constitute negligence per se. *Atlanta Railway Co.* v. *Bryant*, 110 *Ga.* 247; *Western & Atlantic Railroad Co.* v. *Vaughan*, 113 *Ga.* 354; *Mayor* v. *Wood*, 114 *Ga.* 370; *Savannah Railway Co.* v. *Evans*, 115 *Ga.* 316; *Central Railway Co.* v. *McKenney*, supra. The request above set out was in direct conflict with this rule, and was therefore properly refused, even if it could be said, as matter of law, that no recovery could be had in any case when the evidence shows that the plaintiff "jumped from a rapidly moving train."

3. The motion for a new trial contains other assignments of error upon charges and refusals to charge. Complaint is made that the court erred in charging as follows: "A man has no right to assume that it is safe to get off a train that is moving at any speed that might make it dangerous for him to get off. If a passenger, after the train started and was running, voluntarily leaped from

such train while it was in motion, you would say whether or not this was such conduct as would prevent a recovery." The criticism upon this charge is that it virtually instructs the jury that voluntarily jumping from a train moving at a dangerous rate of speed would not preclude recovery, but the jury would be authorized to award damages against the defendant. We do not think this is a fair interpretation of the language of the judge. He first lays down the rule that no man has a right to assume that it is safe to get off of a train that may or may not be in fact running at a dangerous rate of speed, and then instructs the jury that if a passenger voluntarily leaps from such a train while it is in motion, that is, a train which may or may not be running at a dangerous rate of speed, it would be for them to say whether he could recover; that if they find the train was running at a dangerous rate of speed, no recovery could be had; but if the train was running at such a rate of speed that it would not necessarily be dangerous to get off of it, the plaintiff could recover. While the judge does not elaborate the charge, we think a fair interpretation of it is as above indicated.

One of the grounds of the motion is subject to the criticism that it complains of one sound proposition of law because the court failed to give in connection therewith another principle of law equally sound and pertinent to the case. See *Central Railway Co.* v. *Grady,* 113 *Ga.* 1046, and cases cited. Further complaint is made that the court charged the jury, in substance, that if the plaintiff disembarked from the train over the protest of the conductor, it would be for them to say whether, under all the circumstances the conduct of the plaintiff was such as to prevent a recovery. It is contended that there could be no recovery if the plaintiff voluntarily jumped from the train over the protest of the conductor. The test is, not whether the conductor protested or failed to protest, but whether the plaintiff's act was so negligent as to prevent a recovery. The fact that the conductor protested might be ground for assuming that the plaintiff's act was imprudent and dangerous, but the protest alone would certainly not prevent a recovery. There is also an exception to the entire charge, on the ground that it failed to present the issues fully and to fairly and accurately state the law applicable to those issues. We do not think the charge is subject to this criticism. The other requests to charge were, so far

as legal and pertinent, covered by the general charge.   There was no error requiring the granting of a new trial, and the evidence warranted the verdict.

*Judgment affirmed.   By four Justices.   Candler, J., disqualified.*