## JONES v. McELROY.

1. Where land is jointly owned by two persons, and one obtains a deed from the other of his interest by means of an intentionally false and fraudulent promise to sell the land at its true value and pay off an incumbrance and account for the balance, or, failing to find a purchaser, he will procure a new loan to discharge the present incumbrance, and, having thus obtained the title, he retains, uses, and claims the property as absolutely his own, the whole transaction by which ownership is obtained is such a fraud as will entitle the grantor to have the deed cancelled.

2. In such a case equity affords relief, not because of the mere breach of the verbal promise, but because of the fraud of the grantee in procuring an absolute deed to be made to him upon his false and fraudulent representation and promise that he will use the title for the grantor's benefit.

3. While it is the duty of a judge to state the contentions of the litigants, an instruction that the jury will find the contentions of the parties in the petition and answer, which are so clearly set out and so frequently referred to by counsel that the court does not deem it necessary to again state them, sufficiently meets the requirement, unless the special facts of the case demand a more formal summary to prevent possible misapprehension.

4. In view of its context and the general charge, an instruction that the evidence "should be stronger to show the plaintiff is correct in her contentions than it is going to show that the defendant's contentions are correct; but if it be but slightly so, that would be sufficient," though inaccurate, is not so misleading as to require a new trial.

5. In a case where documentary evidence is submitted, an instruction that "you take the law from the court and the facts from the witnesses, and apply the one to the other and make your verdict," is technically inaccurate. But from the general structure of the charge and the scope of the evidence it is apparent in this case that the jury could not have been misled by the inaccurate expression, as excluding the documentary evidence from their consideration.

6. There was sufficient evidence to support the verdict, which is approved by the trial judge. No substantial error of law was committed requiring a new trial.

JULY 26, 1910.

Equitable petition. Before Judge Fite. Bartow superior court. April 19, 1909.

*John T. Norris* and *Neel & Peeples,* for plaintiff in error.

*Thomas W. & Watt H. Milner, D. K. Johnston,* and *G. H. Aubrey,* contra.

EVANS, P. J.    The action was by Mrs. S. F. McElroy against her brother J. M. Jones, and his mother-in-law Mrs. K. P. Larey, for cancellation and other relief.    The case made in the amended petition may be thus briefly stated: C. M. Jones, the father of the plaintiff and J. M. Jones, was the owner of a tract of land incumbered by a deed to secure a debt of $1,000.    On January 7, 1895, he transferred the bond to reconvey, executed by the lender, to the plaintiff and her brother J. M. Jones, upon an expressed consideration of $3,000.    After maturity of the loan the brother represented to the sister that he could sell the land for its real worth, and orally promised, if she would make a deed to him of her half interest, that he would sell the land and account to her for one half of the net purchase-price, and, in the event he could not sell the land for its full value, he would procure a new loan on the land and from its proceeds pay off the present incumbrance.    On the faith of this promise the plaintiff, on March 18, 1899, made to her brother a quitclaim deed to her half interest in the property, stating in the deed that the consideration was one dollar and love and affection.    It is alleged that the brother obtained this conveyance with the intentional design to defraud the plaintiff, his sister. Thereafter, on May 22, 1900, J. M. Jones conveyed the land by quitclaim deed to his mother-in-law, Mrs. Larey, upon a consideration of one hundred dollars, and Mrs. Larey, on the same day, paid the incumbrance and took a conveyance from the holder of the security deed, in which the amount paid by her was stated to be $1,218.15.    At the time Mrs. Larey received the deed from J. M. Jones and paid the incumbrance she knew the purposes for which the plaintiff executed the deed to J. M. Jones, and that the conveyance from J. M. Jones to Mrs. Larey was in pursuance of a conspiracy to defraud the plaintiff of her land.    The value of the land was alleged to be $8,000, and the net income therefrom, while in the defendant's possession, during the interval between the making of the deed and the bringing of suit, was $115, which amount, with $550, was sufficient to pay the plaintiff's half of the loan debt, which latter amount was tendered to the defendants and refused by them.    The plaintiff prayed for the cancellation of the deeds,

and for general relief. The defendants severally demurred and answered. The demurrers were overruled, and the trial of the case resulted in a verdict for the plaintiff. The defendants each moved for a new trial, which motions were overruled. J. M. Jones sued out a bill of exceptions, assigning error on the refusal of his motion for a new trial and on the pendente lite exceptions to the overruling of his demurrer. No error is assigned on the rulings against Mrs. Larey.

1; 2. Cancellation of the deed was prayed on the ground that the grantee obtained it by means of an intentionally false and fraudulent verbal promise to hold and use the land for certain specific purposes, and, having thus obtained the title, he conveyed the land to another who had notice of his fraudulent purpose, and in pursuance of his scheme to defraud. Equity affords relief in such a case, not because of any express trust declared in the verbal promise, but because of the fraud of the grantee. The relief may be granted either by declaring the holder of the legal title a trustee ex maleficio (*Brown v. Doane,* 86 *Ga.* 32 (12 S. E. 179, 11 L. R. A. 381)), or by a cancellation of the deed fraudulently procured. The plaintiff's relief is not based on a mere breach of an oral promise, but upon the fraud of the grantee in procuring an absolute deed to be made to himself upon his fraudulent representation and promise that he would use the title for the grantor's benefit. There is no law which requires a fraudulent undertaking to be manifested in writing; and parol evidence is admissible, not for the purpose of contradicting the deed, but for the purpose of establishing the fraud by means of which the grantee became vested with the absolute title.

3. The court instructed the jury that they would find the contentions of the parties set out in the pleadings. Error is assigned in that the court should have restated the contentions. While it is the right and duty of the court to state the contentions of the parties, his reference to the pleadings as containing such contentions will suffice, unless the special facts of the case may require a formal statement of the actual issues in order to prevent possible misapprehension. *Central Ry. Co. v. McKinney,* 118 *Ga.* 535, 538 (45 S. E. 430).

4. The court charged: "The burden of proof is upon the plaintiff in the case to show that her contentions are correct. What

is meant by the burden of proof is the weight of evidence; it should be stronger going to show the plaintiff is correct in her contentions than it is going to show the defendant's contentions are correct; but if it be but slightly so, that would be sufficient, but it must preponderate in her favor in order for her to recover in the case. Then I charge you, if you find from the evidence that the contentions of the plaintiff are correct, you will find in her favor; otherwise you would find in favor of the defendant." The error assigned is, that, before the plaintiff is entitled to relief by cancellation on the ground of fraud, the evidence must be clear and unequivocal as to the fraud, and that the court should have so instructed the jury; that the expression that if the evidence of the plaintiff be but slightly stronger than that of the defendant, that would be sufficient, in effect abrogates the rule as to the strength of evidence sufficient to justify cancellation. Our code declares that in all civil cases the preponderance of evidence is sufficient to produce mental conviction; and that by a preponderance of evidence is meant that superior weight of evidence which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other. Civil Code, §§ 5144, 5145. Further on in his charge the court said: "When you come to make your verdict in this case, don't view the evidence in detached portions, but take the whole of it, all the facts and circumstances proven in the case, to determine for yourselves what the truth is as best as you can, and let your verdict speak the truth, trying to do justice between the parties." While the particular expression to which exception is taken may be inapt, yet, when taken in connection with its context and the general charge, we do not think that it misled the jury as to the degree of proof required in order to authorize a recovery by the plaintiff.

5. In his instruction the court said to the jury, "You take the law from the court, and the facts from the witnesses, and apply the one to the other and make your verdict." Certain documentary evidence was used, and it is contended that this charge excluded such evidence from the consideration of the jury. We do not think so. The court was charging upon the issues made in the case by the parol evidence which was offered relating to such documentary evidence. While it would have been better for the court to have

instructed the jury that they should consider all the evidence, oral and written, in applying the law to the case, we do not think that the jury was in any way misled by the particular expression of the court of which complaint is made. Especially so, where it appears that the court, in discussing the weight of evidence, instructed the jury: "Now, there is some record evidence introduced here, and the same rules will apply to that, except that it is not delivered from the stand, and not delivered in the same way as witnesses on the stand."

6. There was sufficient evidence to authorize the verdict, which has the approval of the trial judge. We do not think any substantial error was committed in the trial; and the judgment is

*Affirmed. All the Justices concur.*