6654. MEDDERS *v*. BAXLEY BANKING COMPANY.

The plea of infancy set up a valid defense.

DECIDED MARCH 24, 1916.

Complaint; from city court of Baxley—H. J. Lawrence, judge pro hac vice. May 13, 1915.

*H. L. Williams*, for plaintiff in error.

*Padgett & Watson*, contra.

WADE, J. This was a suit on a promissory note, brought by the Baxley Banking Company, transferee, against Della Medders and F. M. Medders, makers, and S. B. Leggett as indorser. At the appearance term of the city court of Baxley the defendant Della Medders filed a plea under oath, alleging that she was a minor at the time of the execution of the note, and therefore could not execute a valid and binding contract, and prayed to be discharged. At the trial term, upon motion of the plaintiff's counsel, the judge struck the plea of minority and entered judgment in favor of the plaintiff. The only question which need be considered is the issue as to the sufficiency of this plea. The plea was duly sworn to and

was as follows: "That this defendant, Della Medders, was a minor at the time she signed the said note sued upon, and that she could not make any legal contract, in that she was not twenty-one years of age, but at the time she signed the note she was only about the age of nineteen, and under twenty-one years of age." The plaintiff took the position that the plea did not set up an issuable defense, for the reason that it was necessary for the defendant to allege, in addition to her allegation of minority, that the note sued upon was not given for necessaries; that she had either squandered or disposed of the property received in consideration of the note, and could not offer it back; or that, having the property, she tendered it back to the plaintiff and asked to be relieved. This contention is not well founded, since the law places the burden of proving these facts or conditions on the plaintiff, and not on the defendant, if the plaintiff seeks thereby to evade the ordinary legal effect or consequences of the minority of the defendant. The Civil Code, § 4233, declares that "The contracts of an infant under twenty-one years of age are void, except for necessaries; and for necessaries they are not valid *unless the party furnishing them* proves that the parent or guardian fails or refuses to supply sufficient necessaries for the infant." It is obvious, therefore, that the burden of proving that a contract was for necessaries is upon the party asserting the validity of the contract. In *Latham* v. *Kolb*, 76 *Ga.* 291, where a suit on a promissory note executed by a minor was under consideration, and there was no allegation in the plaintiff's petition that the property for which the note was given was for necessaries, the Supreme Court held that there was no error in dismissing the declaration.

Counsel for the plaintiff further contended that although the defendant was a minor at the time she executed the note, she would nevertheless be bound under the Civil Code, § 4235. This section provides that "if an infant, by permission of his parent or guardian, or by permission of law, practices any profession or trade, or engages in any business as an adult, he shall be bound for all contracts connected with such profession, trade, or business." This court in *James* v. *Sasser*, 3 *Ga. App.* 568 (60 S. E. 329), in construing this section said: "Under the Civil Code, § 3650 [now § 4235], in order to hold an infant upon a contract, not made for necessaries, it must appear, (1) that he was practicing a pro-

fession or trade, or was engaged in a business; (2) that he had the permission of his parent, of his guardian, or of the law, to pursue that occupation; (3) and also that the contract was connected with that profession, trade, or business. *The burden of proving the existence of these conditions rests upon the party asserting the validity of the contract.*" It is true that the Civil Code, § 4233, declares that if an infant "receives property, or other valuable consideration, and after arrival at age retains possession of such property or enjoys the proceeds of such valuable consideration, such a ratification of the contract shall bind him." However, the law casts upon the plaintiff the burden of showing such ratification. In *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 787 (49 S. E. 788), the Supreme Court said: "One seeking to hold an infant bound upon a contract, for the reason that the consideration of the contract was retained after arrival of the infant at majority, has imposed upon him the burden of showing possession of the consideration after majority and retention for a sufficient length of time that a ratification of the contract is to be inferred."

There is no merit in the contention of the plaintiff that the defendant should have alleged in her plea that she had either squandered or disposed of the property received in consideration of the note and could not offer it back, or that, having the property, she tendered it back to the plaintiff and asked to be relieved. In *Southern Cotton Oil Co.* v. *Dukes,* supra, it was said: "If an infant has lost, expended, or squandered the consideration during his minority, this is nothing more than the law anticipates of him. . . Otherwise the rule would practically strike down the shield which the law, by reason of his inexperience and youth, throws around him."

It is manifest, under the authorities referred to above, that the trial court erred in striking the plea of minority on the ground that it did not set up any issuable defense, since it was not incumbent upon the defendant to deny the existence of facts or conditions not alleged by the plaintiff, which might have created a liability on her part, notwithstanding her minority. The error in striking the plea rendered the subsequent proceedings nugatory.

*Judgment reversed.*