## 22281. GUNTER v. KING et al.

JENKINS, P. J. In the instant case the petition alleged: that the plaintiff and the defendant had formerly been partners operating a building and construction business; that during the term of the partnership they discounted certain promissory notes of the firm and placed additional partnership notes as collateral security for the discounted notes; that the defendant had collected such notes, which were owned ·jointly by the plaintiff and the defendant, receiving a check payable to both plaintiff and defendant, and had cashed the check by indorsing his own name and that of the plaintiff thereon, without authority. The defendant demurred generally and specially to the petition, the ground of special demurrer being that the petition fails to show "whether said partnership has been dissolved or that there has been an accounting, or that in any way the affairs of said partnership have been adjusted in a manner that would legally justify a suit between two partners on a transaction arising out of said partnership relation." The plaintiff amended his petition by alleging that one half of the money represented by the check was the property of the plaintiff, and that the defendant wrongfully collected the same and refused to deliver it to the plaintiff, "although the same was his individual money and property and did not belong to said partnership." The defendant renewed his demurrer to the petition as amended, setting forth that the petition still failed to show that there had been a dissolution accounting or that the partnership was not still in existence. The renewed demurrer was overruled. On the trial of the case there was a conflict in evidence as to whether there had been an *accounting* between the partners so as to render the only partnership question between them the ownership of the notes collected. The jury found in favor of the plaintiff. The defendant excepts to the order overruling his motion for a new trial, and assigns error on exceptions taken pendente lite to the order overruling the demurrers. *Held:*

1. It is the rule that one partner may sue another at law on a cause of action growing out of the partnership business, where there has been a settlement of the partnership affairs and a balance struck,—that is, where the affairs of the partnership have been so settled that a jury can, without an equitable accounting, ascertain the balance justly due by one partner to another. *Pool* v. *Perdue,* 44 *Ga.* 454; *Paulk* v. *Creech,* 8 *Ga. App.* 738 (70 S. E. 145); *Duggan* v. *Tarbutton,* 37 *Ga. App.* 424 (140 S. E. 429).

2. While the petition may have indicated that there had been a *dissolution* of the partnership, there is nothing in the original petition, or the petition as amended, going to indicate that there had been a *dissolution settlement or a balance struck between the partners* such as would authorize a suit on the basis of a partnership settlement. The law does not permit suits between partners or ex-partners on isolated transactions between them, where, as is here contended by the defendant in his evidence, there are other varied and outstanding mutual obligations remaining unsettled and unadjusted. The fact that the plaintiff may have testified, without objection, on the trial, to a dissolution agreement showing that the amount sued for represented the only remaining unsettled

partnership transaction, would, in the absence of a prior demurrer pointing out such defect, amount to a waiver of pleadings alleging such fact and would prevent the defendant from attacking the judgment by a motion for a new trial (*Gainesville & Northwestern R. Co.* v. *Galloway*, 17 *Ga. App.* 702 (4), 87 S. E. 1093); but the admission of such testimony without objection would not cure the error in failing to sustain the defendant's special demurrer to the petition, specifically pointing out such defect, for the reason that all subsequent proceedings thereafter taken were nugatory. *General Supply &c. Co.* v. *Lawton*, 131 *Ga.* 375 (3) (62 S. E. 293); *Seaboard Air-Line Ry.* v. *Smith*, 3 *Ga. App.* 1 (2 *b*) (59 S. E. 199). Under the law of the case as established by the ruling on the demurrer, the evidence referred to was immaterial, since the court had already held that such proof was unnecessary in order to make out the plaintiff's case. The failure of the defendant to object to evidence offered to establish a fact which the court had already adjudicated to be unnecessary could not amount to a waiver of the right of the defendant to insist on his demurrer by which it was contended that proof of such fact was necessary. The defendant was entitled to a trial under a correct ruling of law on the demurrer. If the ruling of the court had required the plaintiff to plead and prove a previous accounting, the defendant might have prepared himself to submit further and additional proof upon the question which would then have been an issue, and which the jury would have had to determine in favor of the plaintiff in order to find in his favor. The charge of the court is not brought up as a part of the record, but it will be presumed that the court charged the jury in accordance with its previous ruling that the plaintiff could recover irrespective of whether or not there had been a settlement of the partnership affairs and a balance struck. This but accentuates the fact that the failure to object to the evidence, which, under the law of the case as it then stood, was wholly irrelevant, did not and could not amount to a waiver of the defendant's right under his demurrer, to the overruling of which exceptions pendente lite were properly taken, and that the vitiated subsequent trial was wholly nugatory.

3. Under the foregoing rulings, the court erred in overruling the special demurrer to the petition as amended, and in thereafter overruling the defendant's motion for a new trial.

*Judgment reversed. Sutton, J., concurs. Stephens, J., concurs specially.*

DECIDED NOVEMBER 19, 1932. REHEARING DENIED JANUARY 31, 1933.

*White, Poole, Pearce & Gershon,* for plaintiff in error.

*Walter A. Sims, J. E. Berman, Brandon & Hynds, Morris Brandon Jr.,* contra.