27494. THARPE *v.* CUDAHY PACKING COMPANY.

450

DECIDED JULY 7, 1939.  REHEARING DENIED JULY 26, 1939.

*Edward F. Taylor, William H. Sanders,* for plaintiff.

*Anderson & Anderson,* for defendant.

STEPHENS, P. J.  Willie Tharpe, a minor, by and through his father, George Tharpe, as his next friend, instituted suit by attach-

ment in Bibb superior court, against Cudahy Packing Company, a non-resident corporation, to recover damages for pain and suffering alleged to have been received by the plaintiff as a result of the alleged negligence of the defendant in running its automobile truck over the plaintiff, on a public road of this State, and breaking the plaintiff's leg, bruising, scratching, and lacerating his body. The defendant, in its plea and answer, denied that the plaintiff's injuries were caused by negligence of the defendant, and, in paragraph 7 of its plea and answer, specifically pleaded as follows: "Further answering, defendant shows that, without admitting liability, but purely because plaintiff was a small child and had received an injury and was unable to have the same properly cared for, the defendant company agreed to settle and did settle the claim for plaintiff's injuries by paying the doctor's bill of $250 to Dr. W. A. Newman, a hospital bill of $119 and an additional $60 paid to the plaintiff, making a total of $429 paid by the defendant, for which the plaintiff, Willie Tharpe, gave his receipt in full satisfaction and discharge of all claims growing out of said accident, for which the parents of the said Willie Tharpe, to wit: his mother, Sophie Tharpe, and his father, George Tharpe, who is suing as next friend in this case, acknowledged satisfaction of all claims which they had growing out of the injuries to their child and agreed to indemnify and make good to this defendant any loss or damage which defendant might have to pay as the result of any future litigation. At the time this settlement was made it was distinctly understood that the same was not an admission of liability and was not so considered by any of the parties, and the defendant then and now denies any legal liability whatsoever because of said accident."

The plaintiff demurred generally to paragraph 7 of the plea and answer on the ground that it set forth no legal defense to the plaintiff's suit, and also orally moved, in the nature of a general demurrer, to strike this paragraph of the defendant's plea and answer. The court overruled the demurrer and the motion. The plaintiff excepted to the judgment overruling the demurrer. The case proceeded to trial on the issues made by the plaintiff's petition and the defendant's plea and answer including the plea of settlement.

There was adduced on the trial evidence of negligence by the defendant, injury to the plaintiff, and the nature and extent of the plaintiff's injuries. It appeared from the evidence that the plain-

tiff, when he received the injury complained of, which was on or about June 13, 1935, was four years of age, that as a result of said injuries his leg was broken in two places, and his body bruised, that for the injuries he was treated in a hospital where he was confined for a long period of time, and was also confined at his home for a long period of time. It is inferable that he underwent considerable pain and suffering. The court admitted, over objection of the plaintiff, evidence offered by the defendant in support of the defense pleaded in paragraph 7 of the plea and answer. The court afterwards, when charging the jury, instructed them not to consider paragraph 7 of the plea and answer and the evidence which had been admitted in support thereof, which evidence the court indicated in detail, and also announced to the jury that such evidence was withdrawn from the jury's consideration. The jury found a verdict for the plaintiff in the sum of $50.

The plaintiff moved for a new trial on various grounds, among them being that the court erred in admitting, over the plaintiff's objections, the evidence in support of the plea of settlement contained in paragraph 7 of the plea and answer. The court overruled the plaintiff's motion for new trial, and he excepted.

██ In so far as paragraph 7 of the plea and answer set up a settlement of any claim of the plaintiff's parents, George and Sophie Tharpe, against the defendant as a defense to the plaintiff's suit, it set up no valid and legal defense, and was subject to being stricken on general demurrer or motion. It is alleged in the plea that settlement was made with the plaintiff, Willie Tharpe, by which he gave his receipt for $60 which was paid him by the defendant, and other alleged sums of money paid by the defendant for medical and hospital services rendered to the plaintiff. It was also alleged that at the time of this settlement the plaintiff Willie Tharpe was a "small child."

A small child is necessarily an infant. The plea, in so far as it alleges a contract of settlement made with the plaintiff, Willie Tharpe, a "small child," alleges a contract of settlement made with an infant. A contract made by an infant which is not connected with the practice by him of any trade or profession by permission of his parent or guardian, or by permission of law, or which is not for necessaries furnished him where the parent or guardian fails or refuses to furnish them, is voidable, and may, at the option of the

infant, be by him disaffirmed. Code, §§ 20-201, 20-202, 20-203. A contract by which an infant receives and accepts money in satisfaction and settlement of a claim which he may have for damages against another for personal injuries received by the infant is voidable, and may be disaffirmed by the infant. The institution or the maintenance by the infant of a suit against the other contracting party to recover damages for the injuries sustained by the infant amounts to a disaffirmance by the infant of the contract. It is not essential to the right of the infant to disaffirm such contract that he restore or offer to restore to the other contracting party whatever consideration the infant may have received for the contract unless the infant has not consumed or dissipated such consideration, and is able to make restitution. *Shuford* v. *Alexander,* 74 *Ga.* 293 (2) ; *Southern Cotton-Oil Co.* v. *Dukes,* 121 *Ga.* 787 (5) (49 S. E. 788) ; *Holbrook* v. *Montgomery,* 165 *Ga.* 514 (5) (141 S. E. 408) ; *Gonackey* v. *General Accident &c. Cor.,* 6 *Ga. App.* 381 (65 S. E. 53) ; *Medders* v. *Baxley Banking Co.,* 17 *Ga. App.* 730 (88 S. E. 407). Where the infant, by the institution or the maintenance of the suit, repudiates and disaffirms the contract, a plea setting up such contract of settlement in accord and satisfaction of the plaintiff's claim is insufficient, where it does not allege that the infant had not dissipated and squandered the consideration of the contract and was able to restore it and had not restored it. The plea, which merely sets up the contract of settlement without more, fails to set up a valid and binding contract of settlement, and is subject to dismissal on demurrer. The court erred in failing to sustain the general demurrer to paragraph 7 of the plea and answer.

■ Since the plea and answer, as contained in paragraph 7, failed to set out a valid and legal defense to the plaintiff's suit, it was the plaintiff's right to have this plea stricken on demurrer, or on motion timely and properly made. *Gunter* v. *King,* 46 *Ga. App.* 297 (2) (167 S. E. 549). The error of the court in refusing to sustain the plaintiff's demurrer to the plea and answer, and permitting the case to be tried on the issue made by the petition and the plea and answer, was not cured by the action of the court, after admitting evidence of the settlement tending to support the allegations of the plea and answer, in instructing the jury to disregard paragraph 7 of the plea and answer setting up the contract of set-

tlement in bar of the plaintiff's suit, and in ruling out the evidence and instructing the jury to disregard it. The evidence tending to show a settlement made with the plaintiff and his parents adduced in support of the allegations contained in paragraph 7 of the plea and answer was in its nature calculated to injuriously affect the plaintiff and influence the jury adversely to the plaintiff as to the size of the verdict should the jury find for the plaintiff. The jury found for the plaintiff in the sum of $50. It can not be held as a matter of law that this amount is adequate compensation for the injury where no negligence could be imputed to the child. This injurious effect was not eliminated by the charge of the court in instructing the jury to disregard the defendant's plea and the evidence adduced in support thereof. In *Hudgins Contracting Co.* v. *Redmond*, 178 *Ga.* 317 (4) (173 S. E. 135), and *Central of Ga. Ry. Co.* v. *Butler Marble & Granite Co.*, 8 *Ga. App.* 1 (6) (68 S. E. 775), where an error in overruling a demurrer to a pleading was held harmless, where the court later in its charge withdrew from the jury the consideration of the matters set up in the pleading, it does not appear that prejudicial evidence was admitted in support of the allegations in the objectionable pleading. An error in overruling a demurrer to a pleading is prima facie harmful. Such error is not cured and rendered harmless by subsequent conduct of the trial judge unless it appears with reasonable certainty that no harm or injury has resulted to the complaining party. *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (5) (71 S. E. 691). The error in overruling the demurrer to paragraph 7 of the plea and answer was calculated to affect, adversely to the plaintiff, the verdict which was rendered. This error requires the grant of a new trial to the plaintiff.

4. Where the contentions of the parties to a suit are not complicated and can be easily ascertained by the jury from an inspection of the pleadings, the court sufficiently states the contentions of the parties by referring the jury to the pleadings. *Holloway* v. *Milledgeville*, 35 *Ga. App.* 87 (132 S. E. 106) ; *Brisendine* v. *Hunt*, 43 *Ga. App.* 115 (6) (158 S. E. 469) ; *Central of Ga. Ry. Co.* v. *McKinney*, 118 *Ga.* 535 (45 S. E. 430) ; *Jones* v. *McElroy*, 134 *Ga.* 857 (3) (68 S. E. 729, 137 Am. St. R. 276). Where a plaintiff sues for damages for personal injuries, which he alleges consist of the breaking of his leg and bruises and lacerations on his body, as

a result of the alleged negligence of the defendant in the operation of the latter's motor truck along the highway, and prays for damages for pain and suffering resulting from such injuries, and the defendant in its plea and answer admits injuring the plaintiff as alleged, denies the negligence alleged, and alleges that plaintiff's injuries were the result of his own negligence, the contentions made by the pleadings are not complicated and can easily be understood by the jury from a reading of the petition and the plea and answer. It was therefore not error prejudicial to the plaintiff on the ground that the court failed to charge the contentions of the plaintiff, where the court charged the jury that the plaintiff contended that he had sustained injuries caused by the negligence of the defendant, and that the plaintiff set out his injuries in detail in the petition, that the alleged acts of negligence of the defendant in the manner and form alleged were the proximate cause of plaintiff's injuries and damages, that these allegations set forth in the petition of the plaintiff, together with paragraphs 1 to 6 of the defendant's plea and answer, constituted the contentions of the parties, and that the jury would have before them the pleadings referred to.

■ Where the court charged the jury that the plaintiff could not recover except on the alleged negligence of the defendant, and that if the plaintiff was injured by the alleged negligence of the defendant and such alleged negligence was the proximate cause of the plaintiff's injuries and damages, the plaintiff would be entitled to recover, but that there could be no recovery if the proximate cause of the plaintiff's injuries was "an act or acts of the plaintiff," and that "this is true even as to a plaintiff of such tender years that he can not be charged with any negligence as a matter of law," the court in effect charged the jury that the plaintiff was a child of tender years, and therefore was not chargeable with any negligence, and that there could be a recovery by the plaintiff if negligence of the defendant, as alleged in the petition, proximately caused the plaintiff's injuries. The court having charged the jury that the plaintiff as a matter of law could not be charged with any negligence, it was not error, in the absence of a special request, for the court to fail to charge more elaborately, as laid down in the Code, § 105-204, that due care of a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the active

circumstances of the occasion and situation under investigation, or in failing to charge that the plaintiff, a child of four years, was a child of tender years, and was incapable of being guilty of contributory negligence. The court did not charge the jury that the plaintiff's negligence would in any way bar a recovery, but did instruct the jury that the plaintiff was of such tender years that he could not, as a matter of law, be charged with negligence.

■ In view of the ruling made on the judgment overruling the plaintiff's demurrer to paragraph 7 of the plea and answer, it is unnecessary to pass on the assignments of error on the admission of evidence tending to prove the settlement of the plaintiff's cause of action as alleged in paragraph 7 of the plea and answer.

■ The judgment is reversed because the court erred in overruling the plaintiff's general demurrer to paragraph 7 of the defendant's plea and answer.

*Judgment reversed, Sutton, J., concurs.*

FELTON, J., dissenting. The evidence was in sharp conflict as to whether the injury to the plaintiff was due to the negligence of the driver of the automobile which struck the plaintiff or was due to an unavoidable accident. The only injury sued for was pain and suffering. Under the evidence and circumstances of the case I do not think this court should hold, as a matter of law, that the verdict was the result of prejudice or bias, because the jury could have found against the plaintiff, or was inadequate because of the error in the overruling of the demurrer to the plea of settlement. Presumably the plea was accessible to the jury and could have been read by them. The overruling of the demurrer by the judge and the subsequent ruling which was in effect a reversal of his judgment overruling the plea, and his charge ruling out the evidence, are the same as the court's ruling out evidence already admitted, on objection or motion of a party. Under the circumstances of the case I am of the opinion that whatever error there was in overruling the demurrer to the plea was cured by the court's charge, especially in the absence of a motion for mistrial. There was no such correction of the error made in the case of *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (5) (supra), or in that of *Gunter* v. *King,* 46 *Ga. App.* 297 (167 S. E. 549). See *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 705 (181 S. E. 315); *Chunn* v. *McRae,* 43 *Ga. App.* 417 (159 S. E. 130); *Moore* v. *McAfee,* 151

*Ga.* 270 (106 S. E. 274) ; *O'Neill Manufacturing Co.* v. *Pruitt,* 110 *Ga.* 577 (36 S. E. 59).