40505. CRESCENT BRASS & PIN COMPANY v. OWEN.

DECIDED MARCH 16, 1964.

*Warren C. Fortson,* for plaintiff in error.
*Smith & Undercofler, William E. Smith,* contra.

FRANKUM, Judge. Charles Owen sued Crescent Brass & Pin Company, his former employer, for $1,250, allegedly due him on a severance of employment agreement, a copy of which was attached to the petition as an exhibit. Insofar as material to the question for consideration by this court it is sufficient to state that the instrument purported to contain a promise by the defendant to pay to the plaintiff the sum of $1,250, contingent on the condition that the plaintiff immediately "turn over and relinquish all keys, credit cards, tools, data, and everything not [of] a personal nature to the management of [Crescent Brass & Pin Company] and on the further [condition] that [the plaintiff does] not in any way, manner or form cause injury to the reputation and welfare of [this company]." The instrument sued on was in the form of a letter addressed to the plaintiff and signed by the secretary and general manager and by the vice-president and assistant general manager of the defendant offering to pay to the plaintiff $1,250, subject to the above-quoted conditions.

Assuming, but not deciding, that performance by the plaintiff of the conditions precedent would constitute sufficient consideration for the promise by the defendant company to pay the plaintiff $1,250, the petition wholly fails to allege that the plaintiff had done those things which were clearly intended by the offeror as conditions precedent to any obligation under its promise. For this reason the petition failed to state a cause of action, and the court erred in overruling the general demurrer. *Code* § 20-110; *Jenkins v. Gordy,* 105 Ga. App. 255 (124 SE2d 303). That error rendered further proceedings in the case nugatory. *Jones v. Hurst,* 91 Ga. 338, 341 (3) (17 SE 635);

*Musgrove v. Musgrove,* 213 Ga. 610, 612 (4) (100 SE2d 577);
*Georgia, Ashburn &c. R. Co. v. Atlantic C. L. R. Co.,* 79 Ga. App.
837 (2) (54 SE2d 492); *Millender v. Looper,* 82 Ga. App. 563
(61 SE2d 573).

The fact that the plaintiff may have testified, without objection, on the trial, that he had done those things stated in the letter to be conditions precedent to the defendant's obligation to pay would not be sufficient to cure the error in failing to sustain the defendant's demurrer to the petition. *Gunter v. King,* 46 Ga. App. 297 (2) (167 SE 549).

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*