41648.   ALBRIGHT v. POWELL et al.

SUBMITTED NOVEMBER 4, 1965—DECIDED FEBRUARY 8, 1966—
REHEARING DENIED MARCH 23, 1966.

*A. Mims Wilkinson, Jr.,* for appellant.

*Troutman, Sams, Schroder & Lockerman, William H. Schroder, T. M. Smith, Jr.,* for appellee.

FRANKUM, Judge. 1. The first special ground (ground 4) of the motion for a new trial complains of the following portion of the charge: "Now these documents are very lengthy. They are in numbered paragraphs and make various references back and forth and I am not going to read them to you in their entirety because I do not believe it would be of any benefit in helping you understand the issues between these parties." It is contended that this charge was confusing and misleading to the jury because it minimized the importance of the pleadings in the case, particularly with respect to the answer which contained important and material admissions.

Immediately following the portion of the charge complained

of the court undertook to summarize the contentions of the parties as made in the pleadings, and after doing so, the court instructed the jury as follows: "Now, very briefly the court has explained to you the contentions of the parties to this case. Now these papers which the court has just referred to, the petition and the amendments thereto and the answer and the amendment thereto, all of these documents will be out with you gentlemen when you retire to consider the case and if you need to be informed in more specific detail as to the contentions of the parties it would be your privilege as well as your duty to read these papers for yourselves. You can examine them, read them for whatever degree you find necessary to determine what the issues between these parties are." This portion of the charge is complained of in ground 6 of the motion because it is contended that the court thereby intimated to the jury that they might entirely disregard the pleadings, and that it was optional with them as to whether they should examine the pleadings to determine the contentions of the parties and the issues between the parties and was, therefore, misleading and confusing to the jury. These grounds are not meritorious. The contentions of the parties in this case were not so complicated that they could not be easily understood by persons of ordinary intelligence upon a reading of the pleadings. The summarization of those contentions by the court, while brief, nevertheless was sufficient to inform the jury thereof, and the court having instructed the jury in connection therewith that it would be their privilege as well as their duty to read the pleadings so as to be informed in more specific detail as to the contentions of the parties, the failure of the court to read the pleadings to the jury was not harmful or reversible error, nor was the language complained of in this ground, when read in its context, confusing and misleading to the jury. *Central of Ga. R. Co. v. McKinney*, 118 Ga. 535 (1) (45 SE 430); *Jones v. McElroy*, 134 Ga. 857, 859 (68 SE 729, 137 ASR 276); *Hutcheson v. Browning*, 34 Ga. App. 276 (4) (129 SE 125); *Brisendine v. Hunt*, 43 Ga. App. 115, 121 (158 SE 469); *Tharpe v. Cudahy Packing Co.*, 60 Ga. App. 449, 454 (4 SE2d 49).

2. All of the remaining special grounds of the motion for a new trial, with the exception of ground 17, assign error on va-

rious portions of the charge. The contentions of the appellant with respect to these grounds, and the contentions made with respect to the general grounds present substantially the same question and may be considered together. The sum and substance of the complaints directed by the special grounds against the portions of the charge are that the court erred in charging so as to submit to the jury any issue as to the negligence of the defendants. It is contended that the court should have withdrawn from the jury's consideration all questions respecting the negligence of the defendants because all of the plaintiff's allegations respecting the defendants' negligence were either admitted in the answer or proved without dispute by the evidence or by the defendants' answers to the plaintiff's interrogatories. With respect to the general grounds of the motion for a new trial, the appellant contends that a verdict for the plaintiff in some amount was demanded, and that the trial court should have instructed the jury so as to eliminate from their consideration any issue respecting the negligence of the defendants. These contentions ignore the fact that, in Georgia, questions as to what acts do or do not constitute negligence, unless such acts are declared by law to be negligent, are to be decided by the jury. *Lewis v. Williams,* 78 Ga. App. 494, 501 (51 SE2d 532); *Georgia Power Co. v. Blum,* 80 Ga. App. 618, 628 (57 SE2d 18); *Bazemore v. MacDougald Constr. Co.,* 85 Ga. App. 107 (1b) (68 SE2d 163); *Keebler v. Willard,* 86 Ga. App. 884, 888 (72 SE2d 805). It is true that virtually all, if not all, of the acts and omissions of the defendants charged by the plaintiff in her petition to have been negligent were either admitted or proved on the trial of the case. But, plaintiff's allegations respecting the negligence of the defendants and the causal connection between the alleged negligence and the plaintiff's injuries and damages were contained in paragraphs 27, 28, 29, 30, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, and 53 of the original petition, all of which were expressly denied by the defendants in their answer. In addition to denying those allegations contained in the plaintiff's petition the defendants pleaded expressly that the failure of Dr. Powell to diagnose and treat plaintiff's husband for diabetes prior to October 1962, did not in any way cause or con-

tribute to the injuries suffered by plaintiff's husband nor to his "present physical condition." A careful reading of the evidence in the case fails to reveal any such admission of negligence on the part of the defendants or any such admission of a causal connection between the defendants' acts charged by the plaintiff as being negligent as would authorize the direction of a verdict for the plaintiff on those issues, and it still remained a jury question as to whether the acts or omissions charged against the defendants, in fact, under the circumstances of the case, constituted negligence.

The effect of the plaintiff's contention with respect to all of these grounds is that the judge should have directed a verdict for the plaintiff on the issue of the defendants' negligence. Of course, it is never error for the court to refuse to direct a verdict. *Guest v. Baldwin,* 104 Ga. App. 809 (123 SE2d 194). This rule is applicable to a single facet of the case as well as to the entire case.

Furthermore, in making the contention that a verdict for the plaintiff in some amount was demanded, the appellant ignores the fact that a mere showing of negligence on the part of the defendants is insufficient to establish a right to recover. It is fundamental that before the plaintiff is entitled to recover she must show, in addition to negligence on the part of the defendants, damages and a causal relation between the defendants' negligence and the alleged damages. *Vickers v. Georgia Power Co.,* 79 Ga. App. 456, 458 (54 SE2d 152). On these two elements of her claim the evidence adduced was far from conclusive. While we are unwilling to say that it was insufficient to have authorized a verdict for the plaintiff, there *was* ample evidence to authorize the jury to conclude that any injury or damage suffered by the plaintiff by way of loss of consortium as the result of her husband's condition was not caused by, or contributed to, in any degree by the negligence of the defendants. Under these circumstances it cannot be said that a verdict in some amount was demanded in favor of the plaintiff.

3. The final special ground, numbered 17, contends that the court committed error in failing to charge the jury on a material issue in the case which was "contained in paragraphs 40

and 50.1 of movant's amended petition." In paragraph 40 of her original petition plaintiff contended that the fact that it became necessary to place plaintiff's husband in a hospital while he was far away from home and on his vacation caused petitioner to suffer a severe shock to her nervous system and great mental pain, suffering and anxiety, and in paragraph 50.1, which was added to the petition by amendment, it was alleged that because of the condition of the plaintiff's husband he requires constant care and attention from petitioner and causes petitioner continuous anxiety and concern which has, in turn, caused her to lose weight and has caused petitioner and her husband to have to sell their home in Atlanta and move to St. Petersburg, Florida, in order to facilitate caring for him. Nowhere in this ground does movant set forth any charge which she contends the court should have given, but she merely contends that because these allegations were contained in her petition and which she contends were supported by evidence "such charge was erroneous and injurious to her" on certain specified grounds. The latter language contained in the motion, if it be intelligible at all when read in relation to the rest of the motion, appears to constitute an attempt to assign error on the entire charge as being erroneous without specifying any particular portion or portions thereof. This is an improper assignment of error unless the whole charge be erroneous, and it certainly was not in this case. This ground is, therefore, too incomplete and too confusing to enable the court to understand exactly what movant is contending should have been charged or in what way the charge as given was deficient or erroneous.

Movant contends that the charge denied petitioner the right to recover for personal injuries to herself. The complete answer to this contention is that the suit as brought was one for loss of consortium and not for direct personal injuries to the plaintiff. It follows that ground 17 of the motion was properly overruled.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*