## 54489. BAKER et al. v. WILSON.

SHULMAN, Judge.

Ruby Shaw Wilson (appellee herein) brought suit for damages and injunctive relief against W. H. and M. L. Baker (appellants herein) alleging that appellants had committed wilful, wrongful and malicious acts of trespass by erecting a barricade and fencing in a theretofore shared private way (i.e., a 50 foot strip) traversing appellee's property and leading to appellants' property. By way of counterclaim, appellants maintained that appellee's actions concerning appellants' use of the private way were malicious and designed to prevent their free and unobstructed enjoyment and development of their property. The trial court held as a matter of law that the deed, through which the Bakers were claiming ownership of the private way in fee simple absolute, conveyed an easement only. The parties' respective claims of interference with property rights were

submitted to the jury. This appeal follows a judgment on a jury verdict in favor of Ruby Shaw Wilson for $500 actual and $3,000 punitive damages.

1. Appellants contend that the jury verdict cannot stand because the verdict is excessive, contrary to law, and not supported by a preponderance of evidence relating to appellee's damages. See *Copeland v. Tyus & Prevatt,* 21 Ga. App. 485 (4) (94 SE 633); *Morgan v. Black,* 86 Ga. App. 775 (72 SE2d 558).

Sufficient evidence was presented to authorize a jury to conclude that appellants owned certain realty which was connected to a public highway by a private way crossing appellee's property, that appellants used this private way for ingress and egress, that the driveway leading to appellee's house branched off this private way, that the only way appellee could get to her house by car was to use a portion of this private way as an access road from the public highway, that appellants erected a barrier across the private way which prevented appellee from getting to her house and were proceeding to enclose the private way, that appellee moved out of the house because of appellants' actions preventing appellee's use of the private way, and that appellants continued to deny appellee access until appellee procured an injunction.

What may have been excessive damages in the days of the "six pence" may very well be inadequate in these inflationary times. We cannot say that the award of $500 nominal damages was excessive here. See *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188 (3) (232 SE2d 62). See generally *Marshall v. Ga. Power Co.,* 134 Ga. App. 479 (4) (214 SE2d 728). Nor can we say that there was not sufficient evidence to authorize the award of punitive damages. See *Standard Oil Co. v. Mt. Bethel United Methodist Church,* 230 Ga. 341 (4) (196 SE2d 869); *Guest v. Riddle,* 237 Ga. 535 (228 SE2d 910).

2. Appellants complain that the trial court erred in failing to instruct the jury in specific terms as to the particular acts of appellee which were alleged to constitute interference with appellants' use of the easement. A review of the charges as given discloses no harmful error.

" 'Where the judge states fully and accurately the law

applicable to the issues involved, the mere failure to call the attention of the jury in specific terms to the contentions of the parties as shown by the pleadings, and to explain these contentions to them, will not, unless it is plain that the omission resulted in injury to the losing party, require the granting of a new trial.' *Central of Georgia Railway Co. v. McKinney,* 118 Ga. 535 (45 SE 430). See also *Jones v. McElroy,* 134 Ga. 857 (3) (68 SE 729, 137 Am. St. R. 276); *Macon, Dublin & Savannah R. Co. v. Musgrove,* 145 Ga. 647 (3) (89 SE 767)." *Ga. Power Co. v. Jones,* 54 Ga. App. 578 (1) (188 SE 566); *Albright v. Powell,* 113 Ga. App. 363 (1) (147 SE2d 848).

3. Appellants enumerated the court's failure to charge the jury on Code Ann. §§ 105-1401, 105-1802 as error. The record shows that these Code sections were charged.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 12, 1977.

*William J. Perry,* for appellants.
*Brinson, Askew & Berry, Robert L. Berry,* for appellee.