## WALDEN et al. v. WALDEN.

124 145
125 837

124 145
s128 130
f128 647

124 145
129 574

1. A verdict or other finding not followed by a judgment will not serve as an estoppel by res adjudicata.

2. Objection to a plea insufficient in law may be made by motion to strike the plea; and this practice is to be commended. But the same result may be accomplished by objection to evidence which is offered in support of the plea.

*Argued October 6,—Decided November 10, 1905.*

Complaint for land. Before Judge Holden. Jefferson superior court. May 10, 1905.

Rogers & Stephens, for plaintiffs.

Cain & Hardeman, for defendant.

EVANS, J. This was a suit for land. The defendant filed a plea in abatement, to the effect that he was the purchaser of the land under an execution sale, and that prior to the sale the plaintiffs had filed statutory claims to the levy of the fi. fa., and on the trial of the issue thus joined verdicts were rendered against the claimants, declaring the land subject to the lien of the fi. fa. By agreement of counsel, the sole issue submitted was that raised by this plea. Upon the conclusion of the evidence the court directed a verdict for the defendant. Plaintiffs sued out a direct bill of exceptions, complaining of rulings of the court on the admission of evidence, and that the evidence did not demand the verdict.

The plea in abatement was defective in substance as an estoppel by res adjudicata, in that it failed to allege that judgments were entered up on the verdicts returned in the claim cases; but the plea was not attacked by demurrer on this or upon any other ground. In all other particulars the plea was sufficiently specific; the identity of the parties, the subject-matter, and pleadings in the claim cases were averred with ample elaboration. It appeared that the verdicts returned in the claim cases had been rendered at preceding terms of the court in which the present case was pending, and that the time for filing motions for new trial had expired. But even though it was too late to move for a new trial, the verdicts could

10

not, of themselves alone, be urged as an estoppel by res adjudicata. It has been ruled by this court as settled law that a verdict not followed by a judgment will not serve as such an estoppel, and that it is essential that a judgment be entered on the verdict before the parties will be concluded as to the matters in controversy. *Carstarphen* v. *Holt*, 96 *Ga.* 703; *Mitchell* v. *Mitchell*, 97 *Ga.* 795; *Webster* v. *Mortgage Co.*, 93 *Ga.* 278; *Harris* v. *Gano*, 117 *Ga.* 934.

Good practice would require that the plaintiffs should take advantage of the fatal defect in the defendant's plea either by demurrer or by a motion to strike made before verdict. However, when the verdicts returned in the claim cases were tendered in evidence, objection was made to their reception, on the ground that they were unaccompanied by any judgment. The court overruled this objection. The defendant closed his case on the plea in abatement, without introducing any judgment; whereupon the plaintiffs made a motion to dismiss the plea on this and other grounds. The court properly declined to dismiss the plea because of the failure to prove a fact which was not therein alleged; but the motion to exclude the verdicts unless they were accompanied by a judgment raised the point that the verdicts, of themselves, were insufficient to create an estoppel by res adjudicata, and the court should have ruled out the verdicts when the defendant failed to show that judgment had been duly entered upon them. See, in this connection, *Crew* v. *Hutcheson*, 115 *Ga.* 511; *Kelly* v. *Strouse*, 116 *Ga.* 872. The plaintiffs accomplished the same result by objecting to the evidence offered in support of the plea which could more properly have been reached by presenting a motion to strike the plea. Doubtless it was the intention of counsel, by moving to dismiss the plea on the ground that it was not sustained by sufficient evidence, to urge the point that, in the absence of any judgment entered upon the verdicts in the claim cases, they could not have the effect of creating an estoppel by res adjudicata. But the motion to dismiss for the reasons actually assigned was without merit, since a plea should not be stricken merely because it has not been sufficiently supported by evidence offered to sustain it. However, as we have pointed out, the motion to exclude the verdicts because they were unaccompanied by any judgment sufficiently raised the objection that the plea was bad for failure to allege that judgments had been duly entered upon the verdicts. Taking this

view of the matter, we hold that the court should have excluded the verdicts; and as, in the absence of this evidence, the plea in abatement could not be sustained, the defendant was not entitled to a verdict in his favor.

It is unnecessary to review the various other assignments of error upon the admission of evidence offered in support of the plea in abatement.        *Judgment reversed. All the Justices concur.*