## 25527. GEORGIA POWER COMPANY v. JONES.

DECIDED NOVEMBER 20, 1936.

584

*Colquitt, MacDougald, Troutman & Arkwright, Foley & Chappell, W. H. Burt, Benton Odom,* for plaintiff in error.

*Robert B. Short,* contra.

SUTTON, J. (After stating the foregoing facts.)

■ Special grounds of the motion for new trial, 1 to 12 inclusive (except grounds 5 and 11), may be considered together, inasmuch as the errors alleged to have been committed, as stated by the plaintiff in error, are: (a) that the court failed to charge the jury on the substantial issues in the case; (b) that the court made a confusing charge as to the issues raised by the defendant's answer and amended answer; (c) that the court failed to instruct the jury fully as to the law applicable to the controlling issues; (d) that the effect of the court's charge was to withdraw from the consideration of the jury issues raised by the defendant's answer and amended answer. It is contended that the court did not fully and explicitly state in its charge what the issues were; that the only reference made by the court was: "You will refer to these pleadings which you will have out with you, for a more detailed statement of the contentions in this case; but, briefly speaking, the plaintiff alleges that the defendant is indebted to him by reason of certain alleged injuries which the defendant unlawfully caused him, and is asking for compensation for those unlawful injuries. The defendant denies that it inflicted any injuries, and denies any indebtedness to the plaintiff in any sum whatever. Generally speaking, this makes the issues which you are trying;" whereas the defendant by its answer and amended answer alleged that the plaintiff was negligent (a) in running into the back end of the truck when by the exercise of ordinary care he could have seen the truck; (b) that the truck was plainly visible; (c) that if the plaintiff had proper lights on his automobile, he could and should have seen the truck for a distance of at least two hundred feet away; (d) that he failed to keep a proper lookout ahead, and was not giving proper attention to driving his automobile; (e) that he actually saw the truck in time to have avoided running into it; (f) that at the time of the accident he was approaching a narrow bridge, that he knew of this fact, and there were signs on the road notifying him of it; (g) that if the defendant was negligent, this negligence existed before the plaintiff ran into the truck, and in the exercise of ordinary care he could and should have discov-

ered the negligence of the defendant, and by the exercise of ordinary care could and should have avoided the collision. It is contended that the quoted charge in effect eliminated these issues, because the court "instructed the jury that the issue which they were to pass upon was merely the defendant's denial that it inflicted the injuries." There is no merit in this contention. The court specifically stated to the jury: "You will refer to these pleadings which you will have out with you *for a more detailed statement of the contentions in this case*" (italics ours), and no cause for reversal is shown.

"Where the judge states fully and accurately the law applicable to the issues involved, the mere failure to call the attention of the jury in specific terms to the contentions of the parties as shown by the pleadings, and to explain these contentions to them, will not, unless it is plain that the omission resulted in injury to the losing party, require the granting of a new trial." *Central of Georgia Railway Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430). See also *Jones* v. *McElroy,* 134 *Ga.* 857 (3) (68 S. E. 729, 137 Am. St. R. 276) ; *Macon, Dublin & Savannah R. Co.* v. *Musgrove,* 145 *Ga.* 647 (3) (89 S. E. 767). It is shown by the record that the court fully charged the jury as to the defenses set up, and on all the issues involved in the case; charging that the plaintiff must recover on some alleged act of negligence; defining the degree of care, ordinary care, required of each of the parties; charging that the plaintiff could not recover unless the defendant was shown to be negligent, and that if the defendant were negligent, the plaintiff could not recover if by the exercise of ordinary care he could have avoided the collision; defining "accident" to the jury, and charging that if the plaintiff's injuries were the result of an accident he could not recover; charging that the plaintiff could not recover unless the defendant's negligence, if any, was the proximate cause of the plaintiff's injuries, and defining "proximate cause;" charging that the plaintiff could not recover if his negligence, if any, was the proximate cause of his injuries; and also charging fully as to the requirement that the plaintiff's car be equipped with proper headlights and brakes. As to the specified acts of negligence alleged against the plaintiff, it was not necessary that the court refer to them in detail, in addition to referring the jury to the pleadings, but it was sufficient, in the absence of a written request, that

the instructions of the court comprehended them as set out above. The general charge must be considered as a whole. *Britten* v. *State,* 124 *Ga.* 783 (53 S. E. 99); *Livingston* v. *Taylor,* 132 *Ga.* 1 (63 S. E. 694).

Grounds 5 and 11, not being referred to or argued, are treated as abandoned. Ground 13 complains that the court's charge was confined to the conduct of the defendant, and eliminated from the jury's consideration the contention that the plaintiff failed to exercise ordinary care, and that such failure, irrespective of negligence of the defendant, would bar the plaintiff of a right of recovery. There is no basis for this contention, the charge having referred more than once to the principle of law that the plaintiff could not recover in any event if by the exercise of ordinary care he could have avoided the collision.

Grounds 14 and 15 complain that the court erred in not instructing the jury as to the law with respect to contributory negligence and apportionment of damages. The defendant's pleadings do not make any distinct issue as to contributory negligence, but contend that the defendant was not guilty at all, and that the injuries sustained by the plaintiff were due exclusively to his own negligence; and the court was not obliged to charge the law of contributory negligence in the absence of a written request. *Southern Railway Co.* v. *Weatherby,* 20 *Ga. App.* 399 (93 S. E. 31), and cit.; *Studstill* v. *Bergsteiner,* 25 *Ga. App.* 405 (103 S. E. 691); *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421 (60 S. E. 1056). As to grounds 16 and 17 it is argued that the court did not submit to the jury the law as to reduction of damages by reason of negligence of the plaintiff. What is said as to the two preceding grounds is applicable here. Ground 18 complains that the court erred in using the word "testimony" instead of "evidence" in the following portion of the charge: "The burden rests with the plaintiff to make out his case by a preponderance of testimony. By a preponderance of testimony is meant that superior weight of the testimony upon the issues involved which while not enough to wholly free the mind from a reasonable doubt is yet sufficient to incline the minds of reasonable and impartial jurors, seeking the truth, to one side of the issue rather than to the other." While the use of the word "testimony" was inaccurate, it was not, in connection with other portions of the charge, calculated to mislead the jury and is not ground for

a reversal. *Studstill* v. *Bergsteiner,* supra. See also *Shingler* v. *Bailey,* 135 *Ga.* 666 (3) (70 S. E. 563).

Ground 19 complains that the court erred in excluding evidence that the plaintiff had not secured any license for an automobile for the year 1933. Ground 20 complains that the court erred in excluding evidence that the license number on the car driven by the plaintiff was 79502 D. Ground 21 complains that the court erred in excluding from evidence a certified copy of license numbers issued by the State of Georgia, showing that license 79502 D was issued to another person for a Chevrolet automobile. The failure to obtain a license for, or to use one not issued for, the car being driven by the plaintiff does not constitute contributory negligence by him, and has no causal relation to the injuries sustained by him, and a breach to the State does not necessarily involve a breach to the defendant. *Central of Georgia Railway Co.* v. *Moore,* 149 *Ga.* 581 (101 S. E. 668). The three special grounds last mentioned are therefore without merit.

■ From a careful examination of all the evidence we can not say that the verdict was not authorized. Even though the parking of the truck was not negligent in its inception, whether or not the act of the defendant's servant, in allowing it to remain parked without a burning tail-light or any signal to warn approaching travelers on the highway of its presence at the particular time of the collision, amounted to negligence, was a question for the jury. In resolving that question the jury was also the judge of whether keeping the truck parked in the circumstances was the proximate cause of the plaintiff's injuries, and whether by the exercise of ordinary care he could have avoided the consequences of the defendant's negligence, if any. There was evidence that the truck was so parked, and that the left side of it was from three to five feet from the right-hand rut of the road; and it is contended by the plaintiff in error that by the exercise of ordinary care a person could have avoided striking the truck by driving to the left of it. The plaintiff and one witness, however, testified that the left side of the truck was about the center of the road. Where the truck was parked, and whether the defendant in so keeping it parked was negligent, were clearly questions for the jury. Whether the collision occurred in daytime, at sundown, or after sundown, that is, at such time that due care required the defendant to have a tail-light burning on the

rear of the truck, which admittedly was not burning, was also a question for the jury. If the truck was so parked that its left side was in the center of the road, and no tail-light was burning, at a time when due care required that such a light be burning, it could not be seriously contended that such act was not negligent. But there was a conflict in the evidence as to the exact location of the truck, and as to whether the collision occurred in daylight or in such darkness as required the burning of a tail-light on the rear of the truck. It was also a jury question as to whether the plaintiff, under all the circumstances and by the exercise of ordinary care, could have avoided striking the truck. Evidence was introduced to the effect that for a distance of at least two hundred feet from the bridge a person in the daytime, or a driver of an automobile at night with headlights burning, could see any object in the road. It is earnestly contended by the plaintiff in error that therefore the plaintiff by the exercise of ordinary care should have seen the truck and have avoided striking it. It is further contended that he did in fact see it in time to avoid striking it, and that he admitted that at the rate of his speed, fifteen miles an hour, and twenty feet from the truck when he first saw it, he could have stopped in eight or ten feet. The testimony of the plaintiff in this respect is set out in totidem verbis in the statement of facts, and in our opinion it does not amount to the admission for which the plaintiff in error contends. Properly construed, the testimony shows that he was answering the equivalent of a hypothetical question, but not committing himself to the concrete proposition that he could have stopped, in the circumstances of the present case and on the particular road, in eight or ten feet after he saw the truck when traveling at fifteen miles per hour and twenty feet distant therefrom. It requires no strained argument to demonstrate that the ability to stop an automobile, when the driver is the organizer and conductor of the entire experiment, is one thing, and that the stopping of an automobile under sudden and unanticipated circumstances is quite another. In the one case he makes and meets the particular situation; in the other he is acted upon by outside forces without any previous indication of the extent of his task, and must suddenly meet a situation of which in the first case he was cognizant in advance. Whether or not he admitted that he could have stopped in eight or ten feet in the present instance, or in what distance he could have stopped, was for the determination of the jury.

It was testified by the plaintiff that an outcry of his companion excited him, and that he did the best he could to avoid the collision. The plaintiff in error correctly argues that an emergency created by his companion would not be chargeable to it, and would not relieve the plaintiff from what would be the exercise of due care to avoid hitting the truck. Notwithstanding this truth, it still remained for the jury to say whether or not, even without the intervening excitement provoked by his companion, the plaintiff could have avoided the collision. But aside from the question of whether the plaintiff, by the exercise of ordinary care, could have avoided the collision when he saw the truck at a distance of twenty feet, it is contended that he should have seen the truck for a distance of at least two hundred feet from the bridge; and it is urged that the undisputed evidence supports that contention. In our opinion the plaintiff disputed that testimony from several witnesses, and thus made an issue for the jury. While he admitted that with his headlights burning he could see an object down a *straight* road for a distance of two hundred feet, he qualified his testimony by saying that he could not do so on the highway in question. The jury might believe that tests had been made with the results testified by the defendant's witnesses, but yet be authorized to believe that the plaintiff, in the exact course that he took on the highway, did not and could not have seen the parked truck at such distance. It is not within the power of this court to dispute the probability that an object down the road in question might be in the light segment of an automobile when placed in one position, and yet be outside of that range of light when the car reached the two-hundred-foot point and possibly proceeded somewhat at an angle from its original path. From facts testified to by the plaintiff, the jury would be authorized to infer other facts, especially in connection with his declaration that his lights were projecting into the woods to the left of the road. He had been traveling on the "right" of the road as he reached the cattle-gap. He testified that he did not see the truck until within twenty feet of it, that he was looking through the light which issued from his automobile lamps, and that the light was "reflected" to the left of the truck and into the woods. At what distance from the truck the light was first projected into the woods is not made clear; but because the light was in the woods, if it was, and the curve was slight, the jury could properly have in-

590

ferred that he had obliquely turned slightly to the left of his original path or course in the road. He had a right to do that if he did not thereby endanger property or person in his proximity. The jury could have believed that the truck was to the right of his light segment and that he did not see it, that he veered to the right, and the segment of light turned with him and brought into the view of his companion, for the first time, the truck which was parked on the right of the road. This may seem conjectural, but it may nevertheless have been inferred by the jury, and not be inconsistent with the truth, in connection with the plaintiff's testimony as to the light from his headlights projecting into the woods on the left. Indeed, another witness testified that while driving a car, and before seeing the truck at a distance of one hundred and ten feet, his lights were projecting into the woods to the left of the road, and that his attention was called to the truck by a boy who was riding with him and while the witness was "looking ahead at the lights." He was able to avoid the truck and pass safely to the left; but whether the plaintiff, at a distance of twenty feet from the truck and driving at fifteen miles per hour when he saw the truck, could by the exercise of ordinary care have avoided the collision, or could have seen the truck when two hundred feet from it and have avoided striking it, was a question for the jury. Evidence was introduced as to conflicting testimony of the plaintiff on a former trial. This merely went to the credibility of the plaintiff on the last trial, of which the jury was the judge. Many cases have been called to our attention by counsel on both sides, but they all stand on their own facts on the question of negligence. Under all the evidence it is impossible for this court to say that the jury was wrong in its conclusions and in finding a verdict for the plaintiff. Consequently, its province in judging the facts and conflicts in the evidence will not be invaded.

■ The court did not err in overruling the motion for new trial. *Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*