31453.   OVERSTREET *et al. v.* W. T. RAWLEIGH COMPANY INC.

DECIDED MAY 29, 1947.   REHEARING DENIED JULY 23, 1947.

M. C. Barwick, Frank Hardeman, for plaintiffs in error.

W. T. Revell, contra.

TOWNSEND, J. (After stating the foregoing facts.) The bill of exceptions contained assignments of error, as follows:

(1) The order of the trial court, dated September 3, 1946, sustaining the demurrer to the amendment of the defendants alleging that, by reason of notice in writing to the plaintiff to sue the principal, given on April 25, 1946, and the failure of the plaintiff to do so within three months, they were released thereby from liability as sureties upon the contract sued on.

(2) The exclusion by the trial court of the proffered testimony of Hoke S. Williams in support of the amendment allowed on April 19, 1945, upon a former trial of this case, to the effect that after the conclusion of the contract with Overstreet and Davis and the plaintiff, an authorized agent of the plaintiff took up of the goods making a part of this case $500 worth of merchandise, for which the plaintiff has never been given credit.

(3) The order dated September 4, 1946, on motion of the defendant, striking the amendment of the defendants alleging: that, after the expiration of the contract sued upon, Williams continued to buy goods from the plaintiff on a new contract, and that at that time $500 worth of goods for which the defendants were liable was on hand, as well as $1000 of accounts on customers

from the sale of 1930 goods; that the principal sold the goods, collected the accounts, and sent, of the proceeds thereof to the plaintiff, more than enough to pay any debt under the Overstreet-Davis contract.

(4) The order directing a verdict for the plaintiff and against the defendants in the sum of $764.30 principal and $838.18 interest from December 31, 1930.

The order dated September 3, 1946—sustaining the demurrer to the amendment to the petition alleging in part that these defendants, "pending suit, to wit, on April 25, 1945, . . did give plaintiff notice to sue defendant Williams, as provided in Code, § 103-205," and thereupon setting forth in said amendment notice fully meeting statutory requirements—was error. It is contended by the defendant in error that it was filed too late. The case of *Sally* v. *Bank of Union,* supra, was certified by this court to the Supreme Court. One of the questions was: "When a surety has been sued separately from his principal, is it not *then* too late for the surety to give the notice provided for in § 3546 of the Civil Code (1910), to proceed against the principal debtor?" Section 3546 of the Civil Code of 1910 is the same as § 103-205 of the Code of 1933, the section under which this notice was alleged to have been given. In answering the foregoing question in the negative, it will be noted that the Supreme Court made the following observation: "Said section provides that the surety 'at any time' after the debt on which he is liable becomes due, may give the notice." Said amendment was therefore not demurrable because it came too late.

It is also insisted by counsel for the defendants in error that said defensive pleading was demurrable because the contract signed by the plaintiffs in error contained a proviso as follows: "We agree that it shall not be necessary for the seller to first exhaust its remedies against the buyer before proceeding to collect from us." In this case the relationship of principal and surety existed between Hoke S. Williams as principal and the plaintiffs in error as sureties. *Overstreet* v. *W. T. Rawleigh Co.,* 71 *Ga. App.* 874 (32 S. E. 2d, 574). When this relationship exists, the creditor for whose protection the sureties become such, may proceed against the sureties without first exhausting its remedies against the principal as a matter of law, with or without such a provision in the

contract. It therefore follows that the creditor acquired nothing by this provision and the sureties surrendered nothing. Under such circumstances, we are of the opinion that the sureties do not waive the right to give notice to sue the principal. *Watkins* v. *Seawright,* 41 *Ga. App.* 617 (154 S. E. 293). At the time this suit was originally brought, the principal was a party defendant; his residence was alleged to be in Richmond County. The sheriff of that county had, before the giving of the alleged notice to sue, made a return to the effect that said defendant was not to be found in his county. We think that the bringing of a suit in a county other than the residence of the defendant is the equivalent of no suit at all, and can not be urged as a compliance with service of notice provided for in the Code, § 103-205.

Attention is also directed to the second question by this court to the Supreme Court in *Sally* v. *Bank of Union,* supra, as follows: "Do the provisions of § 3546 of the Civil Code [§ 103-205] affect the contract or go only to the remedy?" The Supreme Court in answer to this question held as follows: "The provisions of § 3546 of the Civil Code do not affect either the nature, obligation, construction, or validity of the contract, but go only to the remedy. See *Vanzant* v. *Arnold,* 31 *Ga.* 210 (4), 213, where this view was expressed in the opinion, but where the decision of the question was not necessary to the disposition of the case. 'The indorser derives his right to be released from the statute,' and not from anything contained in the contract. *Howard* v. *Brown,* 3 *Ga.* 523, 531. See *Thomas* v. *Clarkson,* 125 *Ga.* 72 (3), 78 (54 S. E. 77, 6 L. R. A. (N. S.) 658). The statute operates as the extinguishment of a remedy, and not of a right, and is therefore in the nature of a limitation of actions. 17 R. C. L. 666, and authorities cited."

The amendment to the answer of the defendants—to the effect that, after the conclusion of the contract with Overstreet, Davis, and the plaintiff, an authorized agent of the plaintiff took up of the goods making a part of this case $500 worth of merchandise, for which the principal has never been given credit—was allowed on April 19, 1945, by Judge G. C. Anderson, over objection of opposing counsel. Exceptions pendente lite were taken to the allowance of this amendment. The trial of the case at that time resulted in favor of the defendants, and on motion a new trial was

granted. The exceptions pendente lite to this amendment have not been pursued by counsel. They are not before this court on a cross-bill, and are therefore abandoned. The amendment is a part of the pleadings of this case and can not now be stricken. Without passing upon whether or not the amendment is subject to demurrer or motion to strike, it being now a part of the pleadings, the defendants were, on the trial, entitled to introduce the proffered evidence in its support. Parties have the right to support allegations contained in their pleadings as laid. *Clark* v. *Bandy,* supra; *Phillips* v. *Southern Ry. Co.,* supra. It appears that the amendment, allowed subject to demurrer—to the effect that after the expiration of the contract sued upon, Williams continued to buy goods from the plaintiff on a new contract, and at that time $500 worth of goods for which the defendants were liable was on hand as well as $1000 of accounts on customers from the sale of 1930 goods, and that the principal sold the goods, collected the accounts, and sent of the proceeds to the plaintiff more than enough to pay any debt under the Overstreet-Davis contract—was demurrable and subject to proper motion to dismiss unless amended. The record not showing the grounds of such motion, although showing that the motion was sustained, such ruling is presumed to have been upon proper grounds and is not error. *Herring* v. *Smith,* supra; *McClaren* v. *Williams,* supra.

On account of the antecedent errors pointed out in headnotes 1 and 2 and in this opinion, the final order of the court directing a verdict for the plaintiff was improper.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*