33792. KIRWAN BROTHERS INC. *v.* BUTLER *et al.*

Decided March 7, 1952.

*J. Ralph McClelland Jr., John L. Westmoreland, John L. Westmoreland Jr.,* for plaintiff.

*Tindall & Tindall, J. F. Kemp, Parker & Parker,* for defendants.

FELTON, J. Where a petition is not demurred to, and the plaintiff proves his case as laid and obtains a verdict and judgment, the defendant cannot raise the question of the sufficiency of the petition by a motion for a new trial. *Grice* v. *Grice,* 197 *Ga.* 686 (1) (30 S. E. 2d, 183), and cases cited. While we have not been able to find where the above has been held with reference to defensive pleadings, the basis, logic, and reasons for a similar conclusion as to such pleadings are the same. In this case the question of whether the former action should abate the present one was one of law and not of fact, because the facts alleged in the plea in abatement were admitted. A demurrer to the plea would have settled the issue in the case. We think that the same rule applies as has been ruled to apply with reference to petitions, insofar as being able to test the sufficiency of pleadings by a motion for a new trial is concerned. While Judge Cobb, in *Crew* v. *Hutcheson,* 115 *Ga.* 511 (42 S. E. 16), suggested the possibility that the plaintiff might make a motion for a new trial in a case where the answer of the defendant was insufficient in law, in view of his whole discussion we do not think he meant that a motion for a new trial could be resorted to in order to test the sufficiency of the answer. We say this for two reasons. First: Judge Cobb showed that the common-law practice with respect to questioning the sufficiency of defensive pleadings required that the question be raised before a judgment was ren-

dered. Second: the plaintiff could raise the question of the propriety of a verdict and judgment for the defendant before verdict by objections to evidence and a request for a directed verdict. In case of objection to evidence, if admitted, a motion for a new trial could be filed. If the court refused to direct a verdict, it would seem that an exception would lie by motion for a new trial. In the former case, at least, a motion for a new trial would be the appropriate remedy. (The writer, speaking for himself alone, is of the opinion that there is one exception, at least, to the general rule that it is never error for a court to refuse to direct a verdict, and that is where a plea is bad and undemurred to, and the plaintiff moves the court to direct a verdict and the court refuses to do so. The same would apply to cases involving a plaintiff's pleading as well.) Other cases support our conclusion indirectly by referring to particular remedies but not mentioning a motion for a new trial. *Tucker v. Lee,* 83 *Ga. App.* 207 (63 S. E. 2d, 252); *Walden v. Walden,* 124 *Ga.* 145 (52 S. E. 323). It might be that a plea in abatement could be put in the category of petitions, since the burden of proof is on the defendant in cases where such pleas are filed, but this does not seem to be necessary, as the reasons for not being able to test the sufficiency of pleadings in both kinds of cases are the same. We make no ruling on the merits of the petition or whether the judgment of the court sustaining the plea was right or wrong on the merits of the issue. We simply hold that the effect of the motion for a new trial in such a case as this is not to bring in question the sufficiency of the plea. Since the allegations of the plea in abatement, undemurred to, were supported by the evidence, the finding in favor of the plea was authorized, and the court did not err in denying the plaintiff's motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*