34322, 34327. BARNETT v. WHATLEY; and vice versa.

DECIDED JANUARY 28, 1953—REHEARING DENIED MARCH 28, 1953.

*Burt DeRieux, Marshall, Greene, Baird & Neely,* for plaintiff in error.

*Kermit C. Bradford, Durwood Pye,* contra.

SUTTON, C. J. ■ The cross-bill of exceptions assigns error upon exceptions pendente lite to a purported order of the court overruling the plaintiff's special demurrer to paragraph 17 of the defendant's answer. The record shows that this order was not signed by the judge presiding. There was no judgment which could be excepted to, and therefore the cross-bill must be dismissed.

■ However, the question of the sufficiency of paragraph 17 of the answer is presented by ground 4 of the motion for a new trial, which complains of the exclusion of evidence in support of that paragraph the allegations of which were to the effect that, after investigating the accident, the Atlanta Dairies Cooperative had admitted the fault of its employees and had paid to Barnett his damages incurred in the collision. The excluded testimony of Barnett would have been that he made a claim against the Atlanta Dairies Cooperative for damages to his automobile and for personal injuries, and that Atlanta Dairies Cooperative investigated the accident, took statements from Whatley and Barnett, concluded that their driver (Shelby) was at fault, and paid Barnett for his damages.

There being no ruling on the demurrer to paragraph 17 of the answer, the relevancy of the allegations of this paragraph as defensive matter was not established as the law of the case

and was open to question by objection to the evidence offered in support of the allegations. *Crew* v. *Hutcheson,* 115 *Ga.* 511 (42 S. E. 16); *Walden* v. *Walden,* 124 *Ga.* 145 (2) (52 S. E. 323); *Tucker* v. *Lea,* 83 *Ga. App.* 207, 214 (63 S. E. 2d, 252).

At most, this paragraph and the evidence offered in support thereof tend to show an admission by Whatley's employer that Shelby, its driver, was more at fault than was Barnett. This evidence, however, was inadmissible in the present case between Barnett and Whatley, a third party injured in the same casualty, and the trial judge did not err in excluding the same. *Georgia Ry. &c. Co.* v. *Wallace & Co.,* 122 *Ga.* 547 (2) (50 S. E. 478).

■ In special ground 5 of the motion, the defendant contends that the court erred in failing to charge the jury that the disregarding of an unofficial stop sign by the driver of a motor vehicle may constitute simple negligence under the circumstances, although the disregarding of such a stop sign would not be negligence per se. The defendant alleged in his answer "that on the date of said accident a stop sign had been erected on Acorn Avenue requiring all traffic entering Wesley Road from Acorn Avenue to come to a full and complete stop before entering said intersection," and there was evidence that a stop sign was at the intersection, facing the driver of the truck in which the plaintiff was riding, and that the truck entered the intersection without coming to a stop.

It was a question of fact for the determination of the jury as to whether the driver of the truck in which the plaintiff was riding exercised ordinary care for the safety of others in failing to observe and obey an unofficial stop sign. *Tyson* v. *Shoemaker,* 208 *Ga.* 28, 32 (65 S. E. 2d, 163).

The trial judge in his charge stated the defendant's contention, as set out in his answer, that the negligence of the driver of the truck, in driving past the stop sign, was the proximate cause of the plaintiff's injury. Whether the driver of the truck was negligent, under *all* the circumstances, and whether his negligence was the sole proximate cause of the plaintiff's injuries, were questions which the trial judge properly submitted to the jury. "As to the specified acts of negligence alleged against the plaintiff, it was not necessary that the court refer

to them in detail, in addition to referring the jury to the pleadings, but it was sufficient, in the absence of a written request, that the instructions of the court comprehended them as set out above. The general charge must be. considered as a whole." *Georgia Power Co.* v. *Jones,* 54 *Ga. App.* 578, 585 (188 S. E. 566), and citations. If the defendant wished the court to amplify further his contentions by charging that the jury should determine whether the driver of the truck exercised ordinary care for his own safety and the safety of others in failing to observe and obey an unofficial stop sign, he should have made a proper request in writing for such charge. Special ground 5 does not show error.

■ In ground 6, the movant assigns error on the following charge of the court: "Now, gentlemen, I charge you that the laws of this State provide that the Department of Public Safety is authorized to fix rules in respect to right-of-way at intersections of said highways or public roads outside of municipalities and to promulgate other safety rules in respect thereto, and to give notice of the same by proper signs erected at or near said intersection, said signs to be erected and maintained by the Highway Department's maintenance department. The defendant in this case contends that the driver of the . . truck in which the plaintiff was riding violated this provision of the law, and he contends that such violation by the driver of said milk truck constitutes negligence per se. I charge you that, if you find there was a traffic stop sign at the intersection in question as contended by the defendant, that it had been placed there as provided by law, and if you find that the driver of the milk truck in which the plaintiff was riding failed to bring the milk truck to a complete stop before entering said intersection, that such a failure would constitute negligence per se on the part of the driver of the milk truck in which the plaintiff was riding."

This charge is said to have been erroneous: (a) because it contained the substance of Code (Ann. Supp.) § 68-315 (Ga. L. 1939, pp. 295, 298), which is inapplicable because amended by the act of 1949 (Ga. L. 1949, pp. 974, 975), authorizing Fulton County to erect traffic control signals at intersections; (b) because it submitted to the jury the question as to whether or

not a stop sign had been erected by law at the intersection in question; and (c) because it authorized the jury to find that there was no law in existence at the time of the collision authorizing the erection of the stop sign, and that the driver of the truck was not negligent in disregarding it; that the resolution of the Commissioners of Fulton County, introduced in evidence, was not sufficient authorization for the erection of the stop sign, and that, although such stop sign was violated, such violation could not constitute negligence as a matter of law.

Code (Ann. Supp.) § 68-315 (Ga. L. 1939, pp. 295, 298) is as follows: "(a) The Department of Public Safety is authorized to fix rules in respect to right of way at intersections of said highways or public roads outside of municipalities and to promulgate other reasonable safety rules in respect thereto, and to give notice of same by proper signs erected at or near said intersections. Said signs to be erected and maintained by Highway Department maintenance department.

"(b) Every driver of a motor vehicle . . shall stop at such stop signs as shall be erected or made by the Department of Public Safety at the approach of such intersections except when directed to proceed by a police officer or traffic control signal."

Section 2 of the act of 1949 (Ga. L. 1949, pp. 974, 975) amended this Code section by adding thereto subparagraph (c), which is as follows: "(c) In all counties of this State having either wholly or partially within their boundaries, a city having a population of 300,000 or more, according to the last census of population as aforesaid, or any future census thereof, it shall be the duty of the Department of Public Safety, upon request of the board of commissioners of roads and revenues or other authority in charge of roads and revenues of any such county, to authorize such county authority or authorities, at the expense of such county, to erect and/or maintain traffic control systems at highway intersections whereat the Department of Public Safety has heretofore, or may hereafter, cause stop signs to be erected as provided by this Act, which said traffic control system may be in addition to or in lieu of such stop signs erected and maintained by the Highway Maintenance Department. Every driver of a motor vehicle . . shall stop at such intersections when the traffic control signal thereat in the direction in which

such driver . . is traveling is red in color and shall not enter said intersection except while said signal is green in color. . ."

This amendment did not change the prior law as to the erection of stop signs outside the limits of a municipality. There was no traffic-control signal at the intersection in question, which was not then within a municipality. The charge of Code (Ann.), § 68-315 (a) was not rendered inapplicable by the amendment of 1949.

The defendant's complaint that the court submitted to the jury a question of law as to whether the stop sign was officially authorized and erected is without merit, for it is plain from the above-quoted Code sections that only the Department of Public Safety may designate the right-of-way at an intersection of public roads outside the limits of a municipality, and cause stop signs to be erected and maintained there by the Highway Department; yet the only showing made of the authorization for the stop sign in question was a resolution of the Fulton County Board of Commissioners, quoting and approving a resolution of the Department of Public Safety, which purported to authorize the county to erect the stop sign. A photograph of the sign in the evidence shows that the sign had the word, "STOP," in between the words "Fulton" and "County," that is, these words were at the top and bottom of the sign. This evidence was insufficient to show that the sign had been authorized and erected as provided by law, and the defendant was therefore given the benefit of a favorable charge which was unsupported by the evidence.

The charge as given did not require the jury to find that the driver of the truck in which the plaintiff was riding was not negligent if they should also find (as was the case, under the evidence) that the stop sign was not authorized as provided by law. The question of the truck-driver's negligence, under all the circumstances, including the unofficial stop sign, was left to be determined by the jury. Ground 6 shows no error in the charge for the reasons complained of.

■ In special ground 7, the movant assigns error on the following portion of the charge to the jury: "Now, gentlemen, I charge you that there is another provision of law which provides that every person operating a vehicle upon the highways

shall observe the following rule and regulation, to wit: An operator of a vehicle shall have the right-of-way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right-of-way to an operator of a vehicle approaching from the right on an intersecting highway. Now, the plaintiff in this case contends that the defendant violated this provision of law. The defendant denies this contention. He contends that he did not violate this law. Now, gentlemen, I charge you that that provision of law which the court has just given to you would not be applicable to an intersection where there was a stop sign erected by law, until the driver approaching said sign actually comes to a complete stop and then he must exercise ordinary care as to when to proceed into the boulevard, taking into consideration the relative positions of the approaching vehicles, their relative speeds, and other attendant circumstances. In other words, gentlemen, the defendant in this case contends that there was a stop sign at this intersection facing the driver of the car in which the plaintiff was riding, and that that stop sign had been placed there in a manner provided by law, and he says that the driver of the vehicle in which the plaintiff was riding did not bring his vehicle to a stop at said stop sign before entering said intersection. I charge you that, if you find that the driver of the vehicle in which the plaintiff was riding did not stop at that intersection, and you find that there was a stop sign at that intersection facing the driver of the vehicle in which the plaintiff was riding, and that it was placed there as provided by law, then the provision of law to which the court has just called your attention would not be applicable to the defendant in this case."

This is contended to have been misleading because the court charged in effect that the rule as to the car on the right was inapplicable *only* *if* the stop sign was official, and the court should have also charged that it was for the jury to say whether or not an unofficial stop sign could have the effect of making such rule inapplicable. The movant also contends that the charge improperly submitted to the jury the question of whether or not a stop sign had been erected by law at the intersection, which should have been decided by the court, and that the court should have charged that, if there was in fact a stop sign at the

intersection at the time of the collision, such a stop sign would have been notice of any law authorizing its erection. It is finally contended that the charge given authorized the jury to find that the driver of the truck in which the plaintiff was riding had the right-of-way over the defendant and was not negligent in entering the intersection even though they might also have found that the driver of the truck disregarded the unofficial stop sign.

The charge complained of cannot be construed to mean that a vehicle approaching an intersection from the right, as was the truck carrying the plaintiff, would not have the right of way *only if* the stop sign facing the driver of the truck was an official sign. As stated in *Tyson* v. *Shoemaker*, 208 *Ga*. 28, 32 (supra): "The fact that the defendant's agent, at the time and place of the plaintiff's injuries, was guilty of negligence per se [in failing to yield the right-of-way to the plaintiff's car which was approaching from the right] would not preclude a finding by the jury that the plaintiff failed to exercise the ordinary care required of him by the common law [in observing and obeying the unofficial stop sign, and in view of all the other circumstances]." The charge here complained of did not preclude the jury from finding that the driver of the truck failed to exercise ordinary care for the safety of himself and others at the intersection.

The assignment that the court should not have submitted to the jury the question of whether the stop sign was erected by law has been dealt with in the 4th division, supra. Ground 7 does not show error.

■ The movant argues grounds 8 and 9 of his motion together, and they will be so considered in this division. Ground 8 assigns error on the part of the charge to the effect that the plaintiff must have been in the exercise of ordinary care to protect himself against any negligence on the part of the defendant, and would not be entitled to recover if he could have avoided the consequences of any such negligence by the exercise of such care; and that the plaintiff's duty to exercise ordinary care to avoid the consequences of another's negligence did not arise until the plaintiff knew, or in the exercise of ordinary care ought to have known of the negligence, or such negligence was ap-

parent, or, in the exercise of ordinary care, should have been apparent. The movant contends that the jury was led to believe that the plaintiff's duty to exercise ordinary care for his own safety did not arise until the defendant's negligence, if any, became apparent, while one must be in the exercise of ordinary care for his own safety at all times; that the charge confused the avoidance rule with the rule that one must exercise ordinary care at all times; and that there was evidence in support of the pleadings showing that the negligence of the driver of the truck in which the plaintiff was riding was the proximate cause of the collision, and also tending to show that the driver of the truck could have ascertained and avoided, by the exercise of ordinary care, any negligence on the part of the defendant, but that the charge confused these two rules of law.

In ground 9, the movant contends that the court erred in failing to charge that a driver of a motor vehicle must at all times exercise due care for his own safety. The defendant alleged in his answer that the plaintiff's injuries were caused by the failure on the part of the plaintiff and of the driver of the truck to exercise ordinary care for their own safety, and the ground sets out evidence that the plaintiff was riding in the truck, which was not stopped by its driver at the unofficial stop sign at East Wesley Road. Such pleadings and evidence are said to have required the court to give the charge contended for.

The charge complained of in ground 8, as we read it, pertained only to the plaintiff's duty to exercise ordinary care to avoid the consequences of the defendant's negligence. It could not have been confused with the rule that the plaintiff should at all times exercise ordinary care for his own safety and the safety of others, in the operation of a motor vehicle. The·failure of the injured party to exercise ordinary care at all times is not a complete bar to the recovery of damages, unless, by the use of ordinary care, the consequences of the negligence of the other party could have been avoided.

The trial judge charged that the defendant contended that the sole proximate cause of the plaintiff's injury was the negligence of the driver of the truck in which the plaintiff was riding; that, if the driver of the milk truck was guilty of negligence which was the sole proximate cause of the plaintiff's injury,

there would be no liability on the part of the defendant; and that, if the truck driver's negligence was imputable to the plaintiff and was equal to or greater than the defendant's, the plaintiff could not recover. In other words, he charged fully as to the effect of the negligence of the driver of the truck in which the plaintiff was riding, and so did not err in failing to charge as to the effect of such driver's failure to "exercise due care for his own safety [and the safety of others] at all times." Negligence is the failure to exercise ordinary care. Neither ground 8 nor ground 9 shows error.

■ In grounds 10 and 13 of the motion, error is assigned particularly on the following charge: "And, gentlemen, when the court speaks of the negligence of the plaintiff in this case, you will disregard such instructions unless you find that the driver of the vehicle in which the plaintiff was riding was guilty of negligence and that the negligence of such driver was imputable to the plaintiff in this case." In special ground 14, the movant assigns error on the following portion of the charge, which preceded the charge as to the apportionment of damages with respect to the comparative negligence of the parties: "Now, gentlemen, if you find that the driver of the vehicle in which the plaintiff was riding was guilty of negligence, and if you find that such negligence was imputable to the plaintiff in this case, you will consider the instructions which the court is about to give you. On the other hand, if you have found that such negligence was not imputable to the plaintiff in this case, you would disregard the instructions which the court is now about to give you." It is contended that the effects of these parts of the charge were to remove from the jury's consideration any negligence on the part of the plaintiff other than that which was imputable to him through his control, if any, over the driver of the truck in which he was riding, which amounted to charging that, as a matter of law, the plaintiff was not negligent by virtue of his own acts or omissions.

The parts of the charge complained of in these grounds did not have such an effect, as will be seen upon examination of the whole charge. The judge carefully separated his instructions as to the law applicable to the case into two branches. He first charged the law applicable where the negligence of the truck

driver, Shelby, would not be imputable to the plaintiff; and then, in the portion including the parts complained of, the trial judge charged the law to be applied if the jury should find that the negligence of the truck driver was imputable to the plaintiff. Whether or not the truck driver's negligence was to be imputed to the plaintiff, was stated to be dependent upon whether or not the plaintiff had or assumed the right to control the operation of the truck by the driver, Shelby.

In the first branch of the charge, the court instructed the jury that the plaintiff would not be entitled to recover if he could have avoided, by the exercise of ordinary care, the consequences of the defendant's or another's negligence when apparent or discoverable by the exercise of ordinary care. This was the charge complained of in ground 8 of the motion, as set out in division 6 of this opinion, supra. The court then charged that, if the plaintiff could have discovered and avoided the defendant's negligence by the exercise of ordinary care, the plaintiff could not recover. The court further charged, as to the duty of a guest, the rule in *Russell* v. *Bayne*, 45 *Ga. App.* 55 (163 S. E. 290): "A person riding as a guest may, until he has notice to the contrary, assume that neither the driver nor others upon the highway will be negligent, and may also assume that the driver will exercise the proper care to avoid the negligence of others; but while the negligence of the host is not imputable to the guest, the guest cannot close his eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others, and if there is a danger from either cause, and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the guest to do whatever in the opinion of a jury a person of ordinary prudence would or should do in the same or like circumstances."

We are of the opinion that there was no evidence from which the jury would have been authorized to find that the plaintiff was negligent before the milk truck entered the intersection of Acorn Avenue and East Wesley Road, the only evidence in this respect being that the plaintiff was reaching for and then looking at his route book to see where the next stop was to be. Furthermore, prior to giving the part of the charge complained

of, the court had submitted to the jury the proposition that the plaintiff could not recover if he failed to exercise ordinary care to avoid the consequences of the defendant's or another's negligence when apparent or discoverable by the exercise of ordinary care.

It is also contended that the charge complained of in ground 14 of the motion prevented the jury from reducing the damages in proportion to any negligence on the part of the plaintiff himself, apart from the driver's negligence imputable to the plaintiff. But if there was any negligence on the part of the plaintiff, solely as a guest or passenger in the truck, it would have been negligence in failing to avoid apparent danger, which goes in bar of his recovery as charged, and not negligence which would have reduced the recovery unless equal to or greater than the defendant's negligence. The plaintiff might have been guilty of the latter negligence if he had or assumed the right to control the operation of the truck. But, if he was in control, so that the driver's negligence was imputable to him, then the charge upon comparative negligence and apportionment of damages was expressly made applicable. Grounds 10, 13, and 14 of the motion do not show error.

■ Special ground 11 sets out as error a charge to the effect that, if it was found that the plaintiff was less negligent than the defendant, and that the plaintiff could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care, and that the plaintiff's injuries were not due to his own negligence, then such negligence on the part of the plaintiff would not prevent his recovery of damages, but that the jury should reduce the amount of damages which otherwise would have been awarded in proportion to the default attributable to the plaintiff. It is contended that the charge was confusing and misleading in that the court undertook to state all of the defenses, but failed to mention the defense that the negligence of the driver of the truck was the proximate cause of the plaintiff's injuries, thereby depriving the defendant of that defense. It is also contended that the court by this charge imposed a lesser duty upon the plaintiff than is imposed by law, by leading the jury to believe that the duty of the truck driver to exercise ordinary care did not arise until the negligence of the defendant occurred and became apparent.

The court had previously charged the jury: "Now, gentlemen, I charge you that if you find that the driver of the milk truck in which the plaintiff was riding was guilty of negligence, and if you further find that such negligence was the sole proximate cause of the plaintiff's injury, then and in that event, I charge you that there would be no liability on the part of the defendant and it would be your duty to return a verdict in favor of the defendant in this case." The court defined proximate cause, and charged that the only negligence to be considered by the jury would be such as they might believe from the evidence to have been the proximate cause of the plaintiff's injuries. The effect of these charges in presenting this defense was in no way diminished by the charge complained of, for it was confined to the situation where both the negligence of the defendant and that of the plaintiff, although to a lesser extent, contributed as the proximate cause of the injury. Nor did the charge restrict the negligence referred to, to the failure to exercise ordinary care to avoid the apparent negligence of the defendant. This ground of the motion fails to show error.

■ Ground 12 is expressly abandoned, and the exception to the disallowance of paragraph 21 of the amendment to the answer is neither argued nor insisted upon, and so such exception is treated as abandoned.

The only contention made by the plaintiff in error in his brief in support of the general grounds of his motion for a new trial is that the witness Hornbuckle, the plaintiff's supervisor, testified on the trial that the plaintiff did not have any control over the driver of the milk truck, although he had previously made a statement, before the trial of the case, to the contrary. The question of whether Hornbuckle had been successfully impeached, by the showing of his interest as the plaintiff's immediate supervisor or his previously made contradictory statement, was properly submitted to the jury in the charge. This contention was addressed to the discretion of the trial judge in passing upon the motion for a new trial, but it is not a ground for reversal here, in the absence of an abuse of the trial judge's discretion. It is not contended that the verdict was not supported by the evidence adduced on the trial of the case.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed on the main bill of exceptions, case number 34322; and the cross-bill, case number 34327, is dismissed.  Felton and Worrill, JJ., concur.*

ON MOTION FOR REHEARING.

It is contended in the motion for rehearing that "There is no portion of the trial court's charge from which this court can infer that the jury were authorized to consider the disregarding of the stop sign in question as a matter of fact," in connection with the ruling made in the third division of the opinion, supra. The trial judge stated in his charge to the jury: "Whether there was a stop sign there, and whether or not in was violated as contended by the defendant in this case, are questions of fact for you to determine from the evidence submitted to you," and he defined negligence as "the absence of or the failure to exercise the degree of care required by law to be exercised," which is ordinary care, "and the definition of ordinary care is just that degree of care which every prudent person would exercise under the same or similar circumstances."  This contention is without merit.

It is further contended that we have overlooked the case of *Overstreet v. W. T. Rawleigh Co.*, 75 *Ga. App.* 483 (2) (43 S. E. 2d, 774), in holding that the plaintiff could object to evidence offered in support of the allegations of the defendant's answer as to which no ruling on demurrer had been made, where the evidence was inadmissible for the reasons stated in division 2 of the opinion.  In the *Overstreet* case, the authorities cited, in support of the proposition that either party has the right to introduce evidence in support of the pleadings as laid, held that it was error to grant a nonsuit (*Clark v. Bandy,* 196 *Ga.* 546, 27 S. E. 2d, 17), or to direct a verdict for the defendant (*Phillips v. Southern Ry. Co.,* 112 *Ga.* 197, 37 S. E. 418), where the plaintiff had proved his case as laid.  The ruling in the *Phillips* case was questioned and limited in *Kelly v. Strouse,* 116 *Ga.* 872, 897, 898 (43 S. E. 280), and neither the *Phillips* case nor the *Clark* case, supra, held that the defendant has a right to sustain by proof the allegations of a plea which sets forth no defense. That the defendant does not have such a right was held in *Crew v. Hutcheson,* 115 *Ga.* 511 (2) (42 S. E. 16), and this rule was approved and followed in *Kelly v. Strouse,* 116 *Ga.* 872,

879 (2) (supra); *Williams Mfg. Co.* v. *Warner Sugar Refining Co.*, 125 *Ga.* 408, 411 (54 S. E. 95); *Halliday* v. *Bank of Stewart County*, 128 *Ga.* 639 (1) (58 S. E. 169); *Walden* v. *Walden*, 124 *Ga.* 145 (2) (52 S. E. 323); *Porter* v. *Davey Tree-Expert Co.*, 34 *Ga. App.* 355, 356 (1) (129 S. E. 557). This court is bound to follow these previous rulings by the Surpeme Court and by this court, and we decline to follow the ruling of *Overstreet* v. *W. T. Rawleigh Co.*, supra, which appears to be in conflict with the cases herein cited.

*Rehearing denied. Felton and Worrill, JJ., concur.*